

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HI QUOC TRUONG, | No. 12-15166 |
| Petitioner - Appellant, | D.C. No. 3:06-cv-04235-MMC |
| v. | |
| D. L. RUNNELS, Warden, High Desert State Prison, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Submitted August 13, 2014[**]
San Francisco, California

Before: KOZINSKI, Chief Judge, and McKEOWN and CLIFTON, Circuit Judges.

Hi Quoc Truong appeals the district court's denial of his 28 U.S.C. § 2254

habeas corpus petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We reject Truong's assertion that the California Superior Court's decision is "objectively unreasonable" because the court failed to consider facts that were, in his view, plainly relevant. "[A] federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004). Neither occurred here. The trial court's comment about the dispatch tape's ambiguity does not demonstrate that counsel acted unreasonably, nor was the scope of the Superior Court's fact finding objectively unreasonable. The Superior Court's conclusion that there was no reasonable probability of a more favorable outcome, even had Truong's counsel presented a manslaughter defense, was not based on an unreasonable application of the law or an unreasonable determination of the facts given the evidence presented. *See* 28 U.S.C. § 2254(d).

Reviewing the Superior Court's decision with "doubl[e] deferen[ce]," *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009), we conclude that the court did not unreasonably apply the standard for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).

**AFFIRMED.**

2